**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

ERIC WILLIAMS, ET AL.                                                                    PLAINTIFFS

VS.                                                            CIVIL ACTION NO. 3:02-CV-1553 HTW-LRA

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER                                   DEFENDANT


**MEMORANDUM OPINION AND ORDER**

Before this court is defendant's motion for summary judgment as to the claims of the plaintiff Reginal Smith [**Docket No. 69**]. The defendant here is the University of Mississippi Medical Center ("Medical Center"), and the motion is brought pursuant to Rule 56[1] of the Federal Rules of Civil Procedure.

**I. PERTINENT FACTS**

Previously proceeding *pro se*, but now represented by counsel, plaintiff Smith, along with six other plaintiffs,[2] brought this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, Section 703(a)(1), which deals with unlawful employment practices and provides in pertinent part that "(a) [i]t shall be an unlawful employment practice for an employer -- (1) [t]o fail or refuse to hire or to discharge any individual, or otherwise to

---

[1] Rule 56(a) states that "[a] party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

[2] The six other plaintiffs who initially filed suit are: Lee Manning, Eric Williams, Lester Caples, Cleon Butler, Donald Hubbard, and Diana Stewart. Lee Manning was dismissed by agreed order on May 27, 2003. The claims of the five remaining plaintiffs are the subject of the defendant's motion for summary judgment, and each plaintiff is addressed by a separate order of the court.

discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin... ." Title 42 U.S.C. § 2000e-2(a)(1). Smith also asserts his claims pursuant to Title 42 U.S.C. § 1981.[3] Specifically, Smith accuses the defendant Medical Center of perpetrating racially discriminatory practices against him consisting of denial of promotion and racial harassment.

This court's jurisdiction over this dispute is provided by statute, § 706(f)(3) of Title VII which establishes federal court jurisdiction over "actions brought under" Title VII. See Title 42 U.S.C. § 2000e-5(f)(3).[4]

## II. APPLICABLE LAW

### A. The Summary Judgment Standard

Summary judgment is appropriate where the facts and law as represented in the pleadings, affidavits and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party as to any material fact. *Celotex Corporation v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986);

---

[3]Title 42 U.S.C. § 1981 provides in pertinent part that, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

[4]Title 42 U.S.C. § 2000e-5(f)(3) provides that, "[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought."

*Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). "A fact is 'material' if it 'might affect the outcome of the suit under governing law.'" *Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001).

The nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *See Celotex Corporation*, 477 U.S. at 322-23. All the evidence must be construed in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes. *Brown v. City of Houston*, 337 F.3d 539, 540 (5th Cir. 2003). The evidence is construed "in favor of the nonmoving party, however, only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts*." Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999). Furthermore, only reasonable inferences can be drawn from the evidence in favor of the nonmoving party. *Eastman Kodak Company v. Image Technology Services, Inc.*, 504 U.S. 451, 469 n. 14, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992). "If the [nonmoving party's] theory is ... senseless, no reasonable jury could find in its favor, and summary judgment should be granted ." *Id.* at 468-69. The nonmovant's burden is not satisfied by "some metaphysical doubt as to material facts," conclusory allegations, unsubstantiated assertions, speculation, the mere existence of some alleged factual dispute, or "only a scintilla of evidence." *Anderson*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City*

*of Houston*, 337 F.3d 539, 540 (5th Cir. 2003).  Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case on which it bears the burden of proof at trial.  *Celotex Corporation*, 477 U.S. at 322.

## B.  Analysis of Smith's Title VII Claims

### 1. Failure to Promote

Smith says the Medical Center wrongfully passed him over for promotion to the positions of Field Training Officer, Sergeant and Investigator.  To prevail on a claim of race discrimination under Title VII, or § 1981 where there is no direct evidence of discrimination such as in this case, a plaintiff must first make a prima facie showing of discrimination.  To establish a prima facie case of race discrimination involving a failure to promote claim, the plaintiff must prove that: (1) he belongs to a protected group under Title VII; (2) he applied for and was qualified for the position he sought; (3) he was not promoted to the position sought, i.e, he suffered an adverse employment action; and (4) his employer promoted an employee to the position sought by the plaintiff who was not a member of the protected class.  *McFall v. Gonzales*, 143 Fed. Appx. 604, 607 (5th Cir. 2005) (citing *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 316-17 (5th Cir. 2004); *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 881 (5th Cir. 2003); *Pratt v. City Houston, Tex.*, 247 F.3d 601, 606 n.2 (5th Cir. 2001); *Jefferies v. Harris County Cmty. Ass'n*, 615 F.2d 1025, 1029 (5th Cir. 1980)).  "[A] plaintiff must establish all four elements of the case in order to prove that he was treated differently."

*McFall*, 143 Fed. Appx. at 607 (citing *Scales v. Slater*, 181 F.3d 703, 709 (5th Cir. 1999)).

### a. The Position of Field Training Officer

The Medical Center argues that the position of Field Training Officer is a voluntary position which does not affect rank or compensation. Moreover, according to the Medical Center, an African-American of the rank of Captain volunteered for and was assigned to this position. Thus, says the Medical Center, Smith has no claim based on the failure to assign him to this position. This court agrees.

An adverse employment action is one that tends to result in a change of the employee's employment status, benefits or responsibilities. *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 407 (5th Cir. 1999). The Fifth Circuit requires the adverse employment act to be an "ultimate employment decision." "Ultimate employment decisions" include acts "such as hiring, granting leave, discharging, promoting, and compensating." *Burger v. Central Apartment Management, Inc.*, 168 F.3d 875, 878 (5th Cir. 1999) (quoting *Mattern v. Eastman Kodak Company*, 104 F.3d 702, 707 (5th Cir. 1999) (quoting *Dollis v. Rubin*, 77 F.3d 777, 782 (5th Cir.1995))). Since the plaintiff's proof requires him to show an adverse employment action, and since this cannot be shown with regard to a voluntary assignment which does not affect hiring, promotion and/or compensation, Smith cannot establish a crucial element of his prima facie case with regard to the position of Field Training Officer. *Burger v. Central Apartment Management*, 168 F.3d at 879 ("We disagree with [plaintiff employee's] argument that

5

the denial of his request for a purely lateral transfer constitutes an 'ultimate employment action' [within the meaning of Title VII]").

Moreover, even if the Field Training Officer position could be categorized as an ultimate employment decision, Smith cannot show that someone outside his protected class with inferior qualifications was assigned to the position. *Blow v. City of San Antonio, Texas*, at 296. The individual chosen was superior in rank to Smith, and of the same race as Smith. Therefore, this court dismisses Smith's failure to promote claim with regard to the position of Field Training Officer.

### b.  The Position of Sergeant

Next, with regard to the position of Sergeant, Smith applied for a Sergeant's position in July 2000, along with eleven other officers. At the conclusion of the interview process, the Medical Center promoted two persons to the position of Sergeant, one Caucasian-American, Thomas Hoffland, and one African-American, Dewayne Epps. The position filled with an African-American is not at issue because it was filled with someone inside plaintiff's protected class. Therefore, Smith cannot establish a prima facie case as to that position.

As for the position filled with a Caucasian-American, this court finds that a prima facie case has been established and that the burden shifts to the Medical Center to provide a legitimate, nondiscriminatory reason for its decision not to promote Williams to the position of Sergeant. The Medical Center's Chief of Police Larry Iles contends by affidavit that the Medical Center hired Hoffland because it found him to be more qualified after considering all of the candidates' "basic police skills and written and oral communications, personnel history, and prior supervisory experience."

Selection of a more qualified applicant is a legitimate and nondiscriminatory reason for preferring one candidate over another. *Sabzevari*, 264 Fed. Appx. at 395 (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 251-253, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981)).  The Medical Center has submitted testimony as to how both the Caucasian-American and the African-American were better qualified candidates for the Sergeant positions than was Smith.  When an employer produces evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for an adverse employment action, such as the failure to promote, then the employer has satisfied its burden of production.  *Daigle v. Liberty Life Insurance Company*, 70 F.3d 394, 396 (5th Cir. 1995).  If the defendant sustains its burden of production, "the presumption raised by the plaintiff's prima facie case essentially disappears, and the plaintiff is left with the ultimate burden which has never left him: that of proving that the defendant intentionally discriminated against him."  *Tanik v. Southern Methodist University,* 116 F.3d 775, 776 (5th Cir.), *cert. denied*, 522 U.S. 1015, 118 S.Ct. 600, 139 L.Ed.2d 488 (1997).

At this third stage in the burden shifting, Smith has two methods available to rebut the Medical Center's proffered reason for failing to promote him, which would again create an issue of fact as to discrimination: (1) Smith can show that the Medical Center's proffered explanation is false or unworthy of credence; or (2) Smith can try to prove that he is clearly better qualified than the person selected for the position. *Tillman v. S. Wood Preserving of Hattiesburg, Inc.*, 250 Fed. Appx. 622, 625 (5th Cir. 2007) (citing *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 412 (5th Cir.

2007)).  For Smith to establish pretext in this way, he must raise a fact issue as to whether he was "clearly better qualified" and not merely "similarly qualified." *Sabzevari*, 264 Fed. Appx. at 395 (citing *Odom v. Frank*, 3 F.3d 839, 847 (5th Cir. 1993)).  To show that he was "clearly better qualified" than Hoffland and raise a fact question as to whether discrimination was a factor in the Medical Center's decision, Smith must present evidence from which a jury could conclude that "no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question."  *Moss v. BMC Software, Inc.*, 610 F.3d 917 (5th Cir. 2010) (quoting *Deines v. Texas Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 280-81 (5th Cir. 1999)).  Based on the summary judgment evidence, there is no issue of material fact remaining as to the Medical Center's nondiscriminatory justification.  Smith has failed to provide any evidence as to either method of rebuttal.  Therefore, Smith's failure to promote claim as it relates to the position of Sergeant is dismissed.

### c.  The Position of Investigator

Smith next claims that he was not hired for the Investigator position.  The Medical Center shows that the position was filled with an African-American, Officer Syrone McBeath.  Thus, Smith cannot make out a prima facie case of discrimination because the Medical Center hired a person within the protected class.  *Johnson v. Louisiana*, 351 F.3d 616, 621 n. 6 (5th Cir. 2003).  The Title VII inquiry is "whether the defendant intentionally discriminated against the plaintiff."  *United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 715, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101

S.Ct. 1089, 67 L.Ed.2d 207 (1981). Smith cannot present a prima facie case of such intentional discrimination with regard to the investigator position since he cannot show that someone from outside Smith's protected class was chosen for the position. Smith's failure to promote claim in relation to the position of Investigator, thus, is also dismissed.

### d. Removal from the Bicycle Patrol

Smith contends in his complaint that in response to his complaints about discriminatory treatment, he was taken off regular uniform patrol and placed on bicycle detail and suffered adverse health effects as a result. Smith also alleges that he was taken off the Medical Center's Bicycle Patrol on February 14, 2001, and suggests that intentional discrimination was the basis for this removal. The Medical Center responds with documentation showing that Smith requested bicycle duty in March of 2000. The Medical Center has submitted Larry Iles' affidavit testimony which says that bicycle patrol positions are only filled by volunteers and that Smith's March 2000 request was granted.

Iles testifies that Smith then requested to be reassigned to regular patrol in February of 2001. The Medical Center submitted a letter from Smith which states that while "[t]he position of bike patrol officer has been a badge of honor," Smith requests to be returned to regular patrol officer duties. Iles testified that again the Medical Center granted Smith's request. This court is unpersuaded that these circumstances, as described by the Medical Center and undisputed by Smith, give rise to a Title VII claim. Accordingly, this claim, too, is dismissed.

### 2. The Claim of Bad Treatment

Finally, Smith says he was humiliated by the comment of a supervisor who referred to Smith in a manner which cast aspersion on his intelligence, but did not amount to a racial comment. The Medical Center shows that it investigated Smith's complaint about this matter and that Smith's supervisor was reprimanded for improper conduct. Smith concludes with the contention that he is the victim of constant harassment, but he offers no specific instances of such harassment.

Other than the instances of failure to promote, which this court already has addressed and dismissed, Smith does not show a crucial element required for a prima facie case under Title VII regarding his claim of bad treatment, an adverse employment action. *McDonnell Douglas Corporation v. Green*, 411 U.S. at 802, 93 S.Ct. at 1824; *Pierce v. Texas Department of Criminal Justice, Institutional Division*, 37 F.3d 1146, 1149 (5th Cir. 1994) (noting that adverse employment actions include discharges, demotions, refusals to hire, refusals to promote, and reprimands). An unwanted transfer may also qualify as an adverse employment action. *Rutan v. Republican Party of Illinois*, 497 U.S. 62, 73-74, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990). This court, thus, is not persuaded that Smith will be able to establish a claim under Title VII with regard to his claim of bad treatment.

### III. CONCLUSION

An employer is entitled to summary judgment "if the plaintiff create[s] only a weak issue of fact as to whether the employer's reason was untrue and there [is] abundant and uncontroverted independent evidence that no discrimination occurred."

*Pratt v. City of Houston, Texas*, 247 F.3d 601, 606 (5th Cir. 2001), quoting *Reeves*, 530 U.S. at 148, 120 S.Ct. at 2109); and *Vadie v. Mississippi State University*, 218 F.3d 365, 372 (5th Cir.) (an employer is entitled to judgment as a matter of law "if the evidence taken as a whole would not allow a [fact-finder] to infer that the actual reason for the [employer's decision] was discriminatory"), *cert. denied*, 531 U.S. 1113, 121 S.Ct. 859, 148 L.Ed.2d 772 (2001).  In the instant case, this court finds that Smith's claims relating to the Medical Center's failure to promote him, and his claims of bad treatment, do not meet the standards required to support a Title VII claim.  Therefore, this court grants the motion of the Medical Center for summary judgment [**Docket No. 69**].

      **SO ORDERED AND ADJUDGED** this the 19th day of July, 2011.


                **s/ HENRY T. WINGATE**
                **UNITED STATES DISTRICT JUDGE**


CIVIL ACTION NO. 3:02-CV-1553 HTW-LRA
Order Granting Summary Judgment