IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ERIC WILLIAMS, ET AL.                                                              PLAINTIFFS

VS.                                                      CIVIL ACTION NO. 3:02-CV-1553 HTW-LRA

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER                            DEFENDANT


**MEMORANDUM OPINION AND ORDER**

Before this court is defendant's motion for summary judgment as to the claims of the plaintiff Cleon Butler [**Docket No. 65**]. The defendant here is the University of Mississippi Medical Center ("Medical Center"), and the motion is brought pursuant to Rule 56[1] of the Federal Rules of Civil Procedure.

**PERTINENT FACTS**

Previously proceeding *pro se*, but now represented by counsel, plaintiff Butler, along with six other plaintiffs,[2] brought this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, Section 703(a)(1), which deals with unlawful employment practices and provides in pertinent part that "(a) [i]t shall be an unlawful employment practice for an employer -- (1) [t]o fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions,

---

[1] Rule 56(a) states that "[a] party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

[2] The six other plaintiffs who initially filed suit are: Lee Manning, Eric Williams, Lester Caples, Reginal Smith, Donald Hubbard, and Diana Stewart. Lee Manning was dismissed by agreed order on May 27, 2003. The claims of the five remaining plaintiffs are the subject of the defendant's motion for summary judgment, and each plaintiff is addressed by a separate order of the court.

or privileges of employment, because of such individual's race, color, religion, sex, or national origin... ." Title 42 U.S.C. § 2000e-2(a)(1). Butler also asserts his claims pursuant to Title 42 U.S.C. § 1981.[3] Specifically, Butler accuses the defendant Medical Center of perpetrating racially discriminatory practices against him consisting of denial of promotion and termination based on the allegedly false assertion that he fought with and pointed his service weapon at a fellow officer.

## APPLICABLE LAW

### A. Jurisdiction

This court's jurisdiction over this dispute is provided by statute, § 706(f)(3) of Title VII which establishes federal court jurisdiction over "actions brought under" Title VII. See 42 U.S.C. § 2000e-5(f)(3).[4]

### B. The Summary Judgment Standard

Summary judgment is appropriate where the facts and law as represented in the pleadings, affidavits and other summary judgment evidence show that no reasonable

---

[3] Title 42 U.S.C. § 1981 provides in pertinent part that, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

[4] Title 42 U.S.C. § 2000e-5(f)(3) provides that, "[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought."

trier of fact could find for the nonmoving party as to any material fact.  *Celotex Corporation v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003).  "A fact is 'material' if it 'might affect the outcome of the suit under governing law.'" *Bazan v. Hidalgo County,* 246 F.3d 481, 489 (5th Cir. 2001).

      The nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *See Celotex Corporation*, 477 U.S. at 322-23.  All the evidence must be construed in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes.  *Brown v. City of Houston*, 337 F.3d 539, 540 (5th Cir. 2003).  The evidence is construed "in favor of the nonmoving party, however, only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.*"  Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).  Furthermore, only reasonable inferences can be drawn from the evidence in favor of the nonmoving party.  *Eastman Kodak Company v. Image Technology Services, Inc.*, 504 U.S. 451, 469 n. 14, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992). "If the [nonmoving party's] theory is ... senseless, no reasonable jury could find in its favor, and summary judgment should be granted."  *Id*. at 468-69.  The nonmovant's burden is not satisfied by "some metaphysical doubt as to material facts," conclusory allegations, unsubstantiated assertions, speculation, the mere existence of some alleged factual dispute, or "only a scintilla of evidence."  *Anderson*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d

202 (1986). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 540 (5th Cir. 2003). Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case on which it bears the burden of proof at trial. *Celotex Corporation*, 477 U.S. at 322.

### C. Analysis of Butler's Title VII Claims

#### 1. Failure to Promote

The Medical Center now has filed its motion for summary judgment contending that Butler can show no genuine issue of fact to be resolved by trying this case, and that summary judgment should be granted on that basis. First, on the issue of failure to promote, Butler says that the position for investigator was not posted and he was not given the opportunity to apply. The Medical Center responds that it re-posted the investigator position in response to the several complaints it received from persons claiming that they did not know the position was available, but when they re-posted the investigator position, says the Medical Center, Butler did not apply.

To establish a prima facie claim of sex discrimination based on a failure to promote, a plaintiff must demonstrate: (1) that he was a member of a protected group, (2) that he applied for a position for which he was qualified, (3) that he was rejected, and (4) that the employer promoted a member of another race for the job. *Everett v. Mississippi*, 106 Fed. Appx. 264, 266 (5th Cir. 2004). The application requirement is

important to establishing the prima facie case because it shows that the decision-maker knew about the plaintiff and the plaintiff's interest in the position.  *Id.*

In the instant case, Butler did not apply for the investigator position even after it was re-posted for his benefit and for the benefit of any others who has missed the initial posting.  Morever, the third element of a prima facie case is that one be rejected for the position.  *Id*.  Since Butler did not apply for the investigator position, he cannot show that he was rejected as an applicant.  Therefore, because Butler had notice of the promotion opportunity and chose not to express interest, this court finds that he has failed to state a prima facie case of discrimination.

## 2. Discharge

Secondly, Butler and a fellow officer were discharged for fighting.  Butler also was accused of brandishing his weapon at the other officer.  Butler says the Medical Center erred when it determined that it was he who had brandished his service weapon at a fellow officer during an altercation.  The Medical Center says it conducted an investigation of the incident, found that Butler was the one who drew his weapon, and determined to discharge both Butler and the other officer for their conduct.  Additionally, according to the Medical Center, Butler was in his automobile at the time of this altercation and could have retreated from the confrontation instead of escalating it.

Butler says the Medical Center is wholly incorrect in its assessment of the altercation which led to Butler being discharged. Under the familiar *McDonnell Douglas* burden-shifting framework, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973), to overcome summary

5

judgment, Butler must establish a prima facie case of discrimination by showing that he was (1) a member of a protected class; (2) qualified for the position held at the time of discharge; (3) actually discharged; and (4) replaced by someone not within the protected class, *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003). Mere error, if the Medical Center indeed was incorrect in its conclusions which led to Butler's discharge, is not enough to establish a genuine issue of material fact to avoid summary judgment on a Title VII claim. One must establish at least an inference of intentional discrimination. *McDonnell Douglas*, 411 U.S. at 792, 93 S.Ct. at 1817. Only then will the burden of production shift to the defendant to articulate a legitimate, nondiscriminatory reason for the challenged employment action. *Id.* at 801-03, 93 S.Ct. at 1824.

Assuming Butler could establish a prima facie case,[5] this court will turn to the Medical Center's legitimate, nondiscriminatory reason for terminating Butler. The Medical Center argues that Butler engaged in an altercation with another officer, and both officers were terminated for engaging in conduct that was inappropriate, unacceptable and unbecoming of a Medical Center officer. Butler provided neither argument nor evidence in response to the Medical Center's argument. Therefore, this court has no evidence before it disputing that the Medical Center terminated Butler for a legitimate, nondiscriminatory reason.

---

[5]Neither party provided this court with the race of the person who replaced Butler. As such, this court cannot determine whether Butler established a prima facie case.

**CONCLUSION**

In the instant case, as to Butler's failure to promote claim, the evidence establishes that Butler was not hired for the investigator's position in question because he did not apply for the position. Further, the evidence presents nothing to suggest that Butler was discharged for any reason other than for fighting with a fellow officer and for brandishing his weapon. Thus, the claims of Cleon Butler against the University Medical Center are hereby fully and finally dismissed, and the motion for summary judgment [**Docket No. 65**] is granted.

**SO ORDERED AND ADJUDGED** this the 19th day of July, 2011.


                s/ **HENRY T. WINGATE**
                **UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO. 3:02-CV-1553 HTW-LRA
Order Granting Summary Judgment