IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ERIC WILLIAMS, ET AL.                                                            PLAINTIFFS

VS.                                                 CIVIL ACTION NO. 3:02-CV-1553 HTW-LRA

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER                              DEFENDANT


**MEMORANDUM OPINION AND ORDER**

Before this court is defendant's motion for summary judgment as to the claims of the plaintiff Diana Stewart [**Docket No. 61**]. The defendant here is the University of Mississippi Medical Center ("Medical Center"), and the motion is brought pursuant to Rule 56[1] of the Federal Rules of Civil Procedure.

**PERTINENT FACTS**

Previously proceeding *pro se*, but now represented by counsel, plaintiff Stewart, along with six other plaintiffs,[2] brought this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, Section 703(a)(1), which deals with unlawful employment practices and provides in pertinent part that "(a) [i]t shall be an unlawful employment practice for an employer -- (1) [t]o fail or refuse to hire or to discharge any individual, or otherwise to

---

[1] Rule 56(a) states that "[a] party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

[2] The six other plaintiffs who initially filed suit are: Lee Manning, Eric Williams, Lester Caples, Reginal Smith, Donald Hubbard, and Cleon Butler. Lee Manning was dismissed by agreed order on May 27, 2003. The claims of the five remaining plaintiffs are the subject of the defendant's motion for summary judgment, and each plaintiff is addressed by a separate order of the court.

discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin... ."  Title 42 U.S.C. § 2000e-2(a)(1).  Stewart also asserts her claims pursuant to Title 42 U.S.C. § 1981.[3]  Finally, Stewart raises the claim of retaliation pursuant to Title 42 U.S.C. § 2000e-3(a) which prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter."  Specifically, Stewart accuses the defendant Medical Center of perpetrating racially discriminatory practices against her, consisting of denial of promotion, unfair disciplinary practices, and termination based on the allegedly false premise of providing false information.

The defendant Medical Center responds that Stewart settled these claims before the Equal Employment Opportunity Commission ("EEOC").  On August 26, 2004, Stewart testified during her deposition that after she filed a complaint with the EEOC, she attended a conciliation proceeding at the Jackson, Mississippi, Area EEOC Office on May 29, 2002.  On that same date, Stewart signed a Settlement Agreement between herself as Charging Party and the Medical Center as Respondent.  Pursuant to the terms of this Settlement Agreement, the Medical Center agreed that "Charging Party's record will reflect resignation in lieu of discharge," and "Respondent will provide Charging Party with a favorable work reference."  In exchange for this promise, Stewart

---

[3]Title 42 U.S.C. § 1981 provides in pertinent part that, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

agreed, "not to institute a lawsuit against Respondent under Title VII of the Civil Rights Act of 1964, as amended, or any other statute enforced by the EEOC based on EEOC Charge Number 131-A2-00913."

Notwithstanding the Settlement Agreement entered into between Stewart and the Medical Center, Stewart joined the six other *pro se* plaintiffs in filing the instant lawsuit on October 2, 2002.

The Medical Center now has filed its motion for summary judgment contending that Stewart should be bound by her Settlement Agreement. This court agrees that summary judgment is the appropriate action for the reasons that follow.

## APPLICABLE LAW

### A. Jurisdiction

This court's jurisdiction over this dispute is provided by statute, § 706(f)(3) of Title VII which establishes federal court jurisdiction over "actions brought under" Title VII. See Title 42 U.S.C. § 2000e-5(f)(3).[4]

### B. The Summary Judgment Standard

Summary judgment is appropriate where the facts and law as represented in the pleadings, affidavits and other summary judgment evidence show that no reasonable

---

[4]Title 42 U.S.C. § 2000e-5(f)(3) provides that, "[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought."

trier of fact could find for the nonmoving party as to any material fact. *Celotex Corporation v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). "A fact is 'material' if it 'might affect the outcome of the suit under governing law.'" *Bazan v. Hidalgo County,* 246 F.3d 481, 489 (5th Cir. 2001).

The nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *See Celotex Corporation*, 477 U.S. at 322-23. All the evidence must be construed in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes. *Brown v. City of Houston*, 337 F.3d 539, 540 (5th Cir. 2003). The evidence is construed "in favor of the nonmoving party, however, only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.*" Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999). Furthermore, only reasonable inferences can be drawn from the evidence in favor of the nonmoving party. *Eastman Kodak Company v. Image Technology Services, Inc.*, 504 U.S. 451, 469 n. 14, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992). "If the [nonmoving party's] theory is ... senseless, no reasonable jury could find in its favor, and summary judgment should be granted ." *Id*. at 468-69. The nonmovant's burden is not satisfied by "some metaphysical doubt as to material facts," conclusory allegations, unsubstantiated assertions, speculation, the mere existence of some alleged factual dispute, or "only a scintilla of evidence." *Anderson*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d

202 (1986).  "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 540 (5th Cir. 2003).  Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case on which it bears the burden of proof at trial.  *Celotex Corporation*, 477 U.S. at 322.

### C. Federal Common Law Governs EEOC Settlement Agreements

The defendant argues in its motion for summary judgment that Stewart is barred from bringing this suit by the May 29, 2002, Settlement Agreement she entered into with the Medical Center.  This court must determine two questions extensively argued and briefed by the parties: (1) which law governs this issue and (2) whether the Settlement Agreement bars plaintiff's claims in this matter.

Title VII settlement agreements are contracts, but they are inextricably linked to Title VII.  Federal common law governs the enforcement and interpretation of such agreements because the "rights of the litigants and the operative legal policies derive from a federal source." *Fulgence v. J. Ray McDermott & Company*, 662 F.2d 1207, 1209 (5th Cir. 1981).  The concept of federal common law has its origin in the case of *Clearfield Trust Company v. United States*, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943), the United States Supreme Court case noting that an appropriate federal rule of decision occasionally must be borrowed from state law.  The Fifth Circuit holds that, "[b]asic considerations of federalism . . . prompt us to begin with the premise that state law should supply the federal rule unless there is an expression of legislative intent to

the contrary, or, failing that, a showing that state law conflicts significantly with any federal interests or policies present in this case." *Central Pines Land Company v. United States*, 274 F.3d 881, 890 (5th Cir. 2001), citing *Georgia Power Company v. Sanders*, 617 F.2d 1112, 1115-16 (5th Cir. 1980).

In the instant case, Title VII offers no legislative intent to avoid the application of federal common law. The application of federal common law to EEOC settlement agreements presents no state law conflicts with federal interests. *See Fulgence v. J. Ray McDermott & Company*, 662 F.2d at 1209.

### D. Stewart's Settlement Agreement

An established principle under federal common law is that one who agrees to settle his claim cannot subsequently seek both the benefit of the settlement and the opportunity to continue to press the claim he agreed to settle. *Kirby v. Dole*, 736 F.2d 661, 664 (5th Cir. 1984) (citing *Strozier v. General Motors Corporation*, 635 F.2d 424 (5th Cir. 1981) (*per curiam*) and *United States v. Allegheny-Ludlum Industries, Inc.*, 517 F.2d 826 (5th Cir.1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976)). In *Strozier*, the plaintiff filed suit under Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §§ 2000e-2000e-17, and Title 42 U.S.C. § 1981, claiming that his employer took certain allegedly discriminatory action against him. *Strozier*, 635 F.2d at 425. The district court granted the employer's motion for summary judgment on the ground that the plaintiff had previously settled his discrimination claims. *Id*. The Fifth Circuit affirmed, rejecting the proposition that " 'an aggrieved employee who freely settles his or her unliquidated demand with the employer ... may reciprocate by suing

the same defendant at a later date on the same cause of action, merely because the employee grows dissatisfied with the payment for which he or she settled.'"  *Id.* at 426.

The instant case presents the same problem for Stewart that the Court faced in *Strozier*.  Plaintiff Stewart seeks to retain the benefit of her settlement bargain (wherein she received the benefit of good job references and no disclosure of her termination) as well as the right to continue to press on in this subsequent lawsuit those claims she had raised and had settled in her original EEOC complaint.

Courts uphold the validity, and indeed encourage the use, of settlement and release as a means of resolving employment disputes.  *See Jackson v. Widnall*, 99 F.3d 710, 714 (5th Cir. 1996).  Such agreements are binding on both parties.  *Id.*, 99 F.3d at 714;  29 C.F.R. § 1614.504(a) (any settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be binding on both parties).  On May 29, 2002, Stewart signed the Settlement Agreement discharging the Medical Center from any claims arising out of the alleged promotion discrimination and the matter of her termination.  Thus, the burden is on Stewart to show that the Settlement Agreement she signed was invalid.  *Williams v. Phillips Petroleum Company*, 23 F.3d 930, 935 (5th Cir. 1994) ("Once a party establishes that his opponent signed a release that addresses the claims at issue, received adequate consideration, and breached the release, the opponent has the burden of demonstrating that the release was invalid . . . ").

The touchstone for determining the validity of a settlement agreement wherein a plaintiff waives a cause of action under Title VII is whether the "employee's consent to

the settlement was knowing and voluntary." *Alexander v. Gardner-Denver Company*, 415 U.S. 36, 52 n. 15, 94 S.Ct. 1011, 1021 n. 15, 39 L.Ed.2d 147 (1974). Next, the waiver of rights under Title VII must be closely scrutinized by this court to determine the precise terms. *Watkins v. Scott Paper Company*, 530 F.2d 1159, 1172-73 (5th Cir. 1976). In other words, the settling employee is bound only by the precise terms of the settlement agreement. *Freeman v. Motor Convoy, Inc.*, 700 F.2d 1339, 1352 (11th Cir. 1983); *Fulgence*, 662 F.2d at 1209.

  The parties do not dispute that the Settlement Agreement bears Stewart's signature. Stewart's signature establishes that she read the Settlement Agreement, agreed to its terms, and has waived any argument that she did not read the documents. *Nicolas v. Deposit Guaranty National Bank*, 182 F.R.D. 226 (S.D. Miss.1998). Subject to public policy embedded in federal or state law, "[a] court is obligated to enforce a contract executed by legally competent parties where the terms of the contract are clear and unambiguous." *Merchants & Farmers Bank v. State of Mississippi*, 651 So.2d 1060 (Miss. 1995). In such cases, "the contract must be interpreted according to its terms" or "construed exactly as written." *Foreman v. Continental Casualty Co.*, 770 F.2d 487, 489 (5th Cir. 1985).

  Therefore, as previously noted, pursuant to the terms of the Settlement Agreement, the Medical Center agreed that its personnel records would reflect Stewart's resignation rather than Stewart's discharge, and that the Medical Center would provide Stewart with favorable work references. Stewart agreed not to sue the Medical Center for being terminated from her employment and for being passed over

for promotion. The agreement is clear and must be enforced according to its terms. Stewart has waived any claim she may have possessed under Title VII pertaining to her termination from the Medical Center.

During oral argument, Stewart argued that the Medical Center failed to honor its part of the bargain entered into before the EEOC. Stewart has pointed to no evidence in the record showing such a breach and has presented no authority supporting the contention that a breach of an EEOC settlement agreement allows revival of a charging party's original Title VII claims.[5]

## **CONCLUSION**

Pursuant to the May 29, 2002, Settlement Agreement between Stewart and the Medical Center, this court holds that the claims she raises in this matter have been

---

[5] Under proof of a breach, the correct approach seemingly would be a lawsuit to enforce settlement, unless the aggrieved party can show a complete failure of a "meeting of the minds." In a similar situation, the Fifth Circuit has stated:

> Plaintiff did not dispute that she had entered into a settlement during the EEOC proceeding, but she argued that summary judgment was improper because Defendants had not fulfilled their obligations under the settlement agreement. The district court reasoned that while Defendants' alleged failure to perform their settlement obligations might give Plaintiff a claim for breach of contract, it did not revive her settled claims. Thus, the district court granted summary judgment in favor of Defendants. Plaintiff timely appealed.
>
> For essentially the same reasons stated by the district court, we affirm the grant of summary judgment in favor of Defendants. Plaintiff voluntarily settled her claims and may not renounce her settlement agreement to bring suit for additional relief. If Defendants have not fulfilled their obligations under the settlement agreement, Plaintiff may have a claim for breach of contract. In the instant suit, however, Plaintiff has not even obliquely alleged a breach of contract claim, so even under a liberal interpretation of Plaintiff's pleadings no breach of contract claim is before this court. Accordingly, we AFFIRM the district court's grant of summary judgment.

*Wiley v. Paulson*, 329 Fed. Appx. 512 (5th Cir. 2009).

settled, waived and terminated.  Thus, Stewart's claims against the Medical Center are hereby fully and finally dismissed, and the motion for summary judgment [**Docket No. 61**] is granted.

      **SO ORDERED AND ADJUDGED** this the 19th day of July, 2011.

      **s/ HENRY T. WINGATE**
      **UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO. 3:02-CV-1553 HTW-LRA
Order Granting Summary Judgment